UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HENRY EURINGS**                                    **CIVIL ACTION**

**VERSUS**                                           **NO. 18-3336**

**SHERIFF GUSMAN, ET AL.**                           **SECTION: "E"(1)**

### REPORT AND RECOMMENDATION

Plaintiff, Henry Eurings, a state pretrial detainee, filed the instant *pro se* and *in forma pauperis* federal civil action pursuant to 42 U.S.C. § 1983. He sued Orleans Parish Sheriff Marlin Gusman, "Medical Intake," Warden McKnight, the Riverbend Detention Center, "Medical Staff," and other unidentified individuals.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … is … malicious …." 28 U.S.C. § 1915A(b)(1). Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

dismiss the case at any time if the court determines that ... the action … is … malicious ….." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

For the following reasons, the undersigned recommends that plaintiff's instant complaint be dismissed as malicious.

Plaintiff's complaint, liberally construed,[2] concerns the allegedly inadequate medical care he received after he was beaten while in custody in 2016. However, as he acknowledges in his complaint, he previously filed a lawsuit based on the same underlying facts which was dismissed. Although he states that his legal papers concerning that prior lawsuit have been destroyed, it is apparent that he is referencing Eurings v. Gusman, Civ. Action No. 16-15363 "N"(3) (E.D. La.).[3] The Court's records reflect that the prior lawsuit was **dismissed with prejudice** on December 14, 2017, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to plaintiff's failure to prosecute his claims.[4] Because the instant complaint arises from the same series of events and

---

[2] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[3] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).
[4] Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, **a**

2

alleges many of the same facts as those in Civ. Action No. 16-15363, it should be dismissed as malicious. See Bailey, 846 F.2d at 1021.[5]

The Court notes that plaintiff has also filed a motion seeking immediate injunctive relief.[6] Although he designated the motion as one seeking a "temporary restraining order," the motion must be construed as one for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order. Neal v. Federal Bureau of Prisons, 76 Fed. App'x 543, 545 (5th Cir. 2003).

Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Insurance Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). He must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary

---

**dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.**

Fed. R. Civ. P. 41(b) (emphasis added).

[5] It is true the instant complaint adds new defendants not sued in the prior civil action. However, that fact does not save the complaint from being considered malicious. As long as the claims in the new complaint are based on the same events and facts, it is of no consequence that a plaintiff has successively sued different defendants with respect to those claims. Bailey, 846 F.2d at 1021.

[6] Rec. Doc. 10.

injunction. See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

Because the complaint should be dismissed for the reasons already explained, plaintiff cannot show that there is a substantial likelihood that he will succeed on the merits of his claims. Therefore, the motion should be denied.[7]

---

[7] Although the motion is largely incomprehensible, it appears that plaintiff's motion requests injunctive relief concerning conduct unrelated to the underlying claims of his lawsuit. If so, that is an additional reason that relief would not be appropriate. For example, in a case in which a prisoner tried a similar tactic, the United States Eighth Circuit Court of Appeals explained:

> A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. See Dataphase Sys., Inc., v. C L Sys., Inc., 640 F.2d 109, 113 & n. 5 (8th Cir. 1981) (en banc). Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. See Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. See Stewart v. United States I.N.S., 762 F.2d 193, 198-99 (2d Cir. 1985). Thus, the district court correctly ruled as a matter of law that Devose was not entitled to a preliminary injunction.

Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Accord Power v. Starks, No. 4:16-CV-00045, 2017 WL 2062940, at *1 (N.D. Miss. May 12, 2017) ("Because a preliminary injunction depends on the prisoner's likelihood of success on the merits, a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit. Accordingly, courts have routinely declined to grant a prisoner injunctive relief related to conduct unrelated to the underlying claims of his lawsuit." (citations, quotation marks, and brackets omitted)); Lando & Anastasi, LLP v. Innovention Toys, L.L.C., Civ. Action No. 15-154, 2015 WL 12564201, at *2 (E.D. La. Oct. 15, 2015) ("[W]hile a preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be granted finally, a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." (quotation marks and brackets omitted)); Schwartz v. United States Department of Justice, Civ. Action No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) ("A preliminary injunction grants intermediate relief of the same character as that which may be granted finally. When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." (citations and quotation marks omitted)).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as malicious.

It is **FURTHER RECOMMENDED** that plaintiff's motion for a temporary restraining order, Rec. Doc. 10, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this third day of July, 2018.

                                                **JANIS VAN MEERVELD**
                                                **UNITED STATES MAGISTRATE JUDGE**