UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY EURINGS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-3336** |
| **SHERIFF GUSMAN, ET AL.**<br>    **Defendants** | **SECTION: "E" (1)** |

## ORDER

Before the Court is Plaintiff Henry Eurings's *pro se* action brought pursuant to 42 U.S.C. § 1983.[1] Plaintiff, who is currently incarcerated, alleges he received inadequate medical care after he was beaten while in custody.[2] Plaintiff sued Orleans Parish Sheriff Marlin Gusman, "Medical Intake," Warden McKnight, the Riverbend Detention Center, "Medical Staff," and other unidentified parties.[3] Plaintiff also filed a motion for a temporary restraining order against Sheriff Gusman and Sheriff Gusman's attorney, Blake Acuri, seeking to enjoin them from "commit[ing] mental assaults [and] threats of harassment . . . [and] provoking[ing] Plaintiff to [commit] disciplinary [infractions in order to] lock Plaintiff down . . . and rebook Plaintiff."[4] Plaintiff's complaint and request for injunctive relief were referred to the United States Magistrate Judge who issued her Report and Recommendation on July 3, 2018.[5] On July 5, 2018, Plaintiff filed a memorandum in support of his complaint and a motion for summary judgment, which the Court construes as an objection to the magistrate judge's Report and Recommendation.[6]

---

[1] R. Doc. 7.
[2] R. Doc. 11.
[3] R. Doc. 7.
[4] R. Doc. 10.
[5] R. Doc. 11.
[6] R. Docs. 12, 13.

1

In her Report and Recommendation, Magistrate Judge van Meerveld recommended that Plaintiff's complaint be dismissed with prejudice as malicious.[7] Regarding *in forma pauperis* Plaintiffs, U. S. Code Title 28 section 1915 provides "the court shall dismiss the case at any time if the court determines that . . . the action is malicious."[8] In *Bailey v. Johnson*, the Fifth Circuit held that repetitious litigation of virtually identical causes of action are malicious.[9] Further, a district court has especially broad discretion when determining when to dismiss an *in forma pauperis* proceedings.[10]

In this case, Plaintiff admits to having filed a previous complaint, but states the prison destroyed his paperwork from the previous complaint.[11] After detailing the facts and Plaintiff's claims, the magistrate judge determined that the suit Plaintiff previously filed was dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.[12] In this case, Plaintiff adds new defendants, but this does not change the fact that the allegations in the instant complaint are virtually identical to Plaintiff's prior complaint[13] Simply listing new defendants in a complaint that reiterates claims that were previously dismissed does not cure a finding of maliciousness.[14] The Court

---

[7] R. Doc. 11.
[8] 28 U.S.C. § 1915(e)(2)(B)(i).
[9] *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).
[10] *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986); *see also Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (holding *in forma pauperis* complaints that merely repeat previously litigated claims may be dismissed pursuant to 28 U.S.C. § 1915).
[11] R. Doc. 7.
[12] R. Doc. 11 at 2.
[13] *Id.*
[14] *Bailey*, 846 F.2d at 1021 ("Bailey does not deny that his present complaint against Dr. Johnson duplicated the allegations in his earlier suit; he merely argues that the district court lacked authority to summarily dismiss a complaint that stated a cause of action. In that respect, Bailey is mistaken because the court's power of dismissal in IFP cases under section 1915(d) is broader than in other civil cases under the Federal Rules of Civil Procedure." (citing *Jones v. Bales*, 58 F.R.D. 453, 463–64 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973))). The Fifth Circuit's opinion in *Bailey* refers to 28 U.S.C. § 1915(d) in stating that a district court may dismiss a claim brought pursuant to § 1915 if the proceeding is frivolous or malicious. *Id.* at 1020–21. Since the Fifth Circuit's holding in *Bailey*, § 1915 has been amended; however, this amendment simply moved the discussion of maliciousness from subsection (d) to subsection (e). In its present form, § 1915(e)(2)(B)(ii) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

concludes that, in this case, the magistrate judge's finding that the instant suit is malicious is correct.

Plaintiff also requested injunctive relief.[15] However, there is not a substantial likelihood that Plaintiff will succeed on the merits of his claim, given that his claim should be dismissed as malicious.[16] Further, the Fifth Circuit has held that a plaintiff must show that a substantial threat of harm exists if the injunction is not granted.[17] Even if the instant claim were not malicious, Plaintiff's request for injunctive relief is unrelated to his lawsuit. In this case, the alleged violation of Plaintiff's civil rights has already occurred. Although unclear in his requests, Plaintiff's demand for injunctive relief is not related to these prior incidents. Thus, the magistrate judge correctly found that the request for injunctive relief should be denied.

The Court, having considered the record, the applicable law, relevant findings, and the magistrate judge's Report and Recommendation finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the U.S. Magistrate Judge's Report and Recommendation and adopts it as its opinion in this matter.[18]

Accordingly;

## **CONCLUSION**

**IT IS ORDERED** that Plaintiff Henry Eurings's petition against Respondents Sheriff Marlin Gusman, Warden McKnight, Medical Intake Department, Medical Staff,

---

the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious."
[15] R. Doc. 10.
[16] *See, e.g.*, *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997) (holding that a plaintiff must show that a substantial likelihood exists that he will succeed on the merits of his claim to be entitled to injunctive relief).
[17] *Id.*
[18] R. Doc. 11.

Riverbend Detention Center, and other unidentified parties be and hereby is **DISMISSED WITH PREJUDICE** as malicious.[19]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order against Sheriff Gusman and Sheriff Gusman's attorney, Blake Acuri, be and hereby is **DENIED**.[20]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment be and hereby is **DENIED**.[21]

**New Orleans, Louisiana, this 17th day of July, 2018.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[19] R. Doc. 7.
[20] R. Doc. 10.
[21] R. Doc. 13. Plaintiff filed his Motion for Summary Judgment after Magistrate Judge Van Meerveld issued her Report and Recommendation. Rule 56 of the Federal Rules of Civil Procedure states that "a party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." However, Plaintiff fails to identify any claim on which summary judgment is sought. Instead, Plaintiff merely quotes Rule 56. As a result, the Court **DENIES** the motion.